UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA DEL ROSSARIO JARAMILLO BALLESTEROS, et al.,<br><br>              Plaintiffs,<br><br>     v.<br><br>THE BOEING COMPANY,<br><br>              Defendant. | C22-393 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' motion, docket no. 25, to certify for interlocutory appeal the Court's minute order, docket no. 23, denying Plaintiffs' motion to remand is DENIED. This Court previously concluded that the Boeing Company ("Boeing") is a citizen of Delaware and Illinois. The Court is not persuaded that its ruling involves "a controlling question of law as to which there is substantial ground for difference of opinion" or that an immediate appeal from the ruling might "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). Plaintiffs contend that the record before the Court does not contain sufficient facts establishing that Boeing's "nerve center," as articulated in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), is located in Illinois. The "nerve center" test "points courts in a single direction, toward the center of overall direction, control, and coordination." *Id.* at 96. In response to Plaintiffs' motion to remand, Boeing provided a declaration from Gregory Vogelsperger, Chief Counsel, Corporate Finance and Governance, in Chicago, Illinois. *See* Vogelsperger Decl. (docket no. 17). Vogelsperger's declaration describes Boeing's corporate structure and organization. *See generally id.* Although Boeing is organized into three distinct business units, each led by their own Presidents and CEOs, the leaders of these business units "report to, are accountable to, and are directed by Boeing's President and CEO" from Boeing's corporate headquarters in Chicago. *Id.* at ¶¶ 12, 17. Further, because Boeing's three business units are components of a single corporate entity, they are "supported by a centralized corporate structure that provides overarching functions across divisions,

MINUTE ORDER - 1

including Finance, Legal, Communications, Human Resources, Ethics and Compliance, Information Technology, and Engineering." *Id.* at ¶¶ 12–13. Boeing admits that some members of its senior executive team are "mobile and deploy to different locations as the needs of the business require," *see id.* at ¶ 17, but this does not defeat the conclusion that Boeing's "nerve center" is in Illinois. As the Supreme Court recognized in *Hertz*, in the age of telecommuting, "some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet." 559 U.S. at 95–96. Nevertheless, district courts must focus on the place where a corporation's high level officers "direct, control, and coordinate the corporation's activities." *Id.* at 80. In this case, Boeing has established that its corporate headquarters in Illinois[1] is its actual center of direction, control, and coordination.

(2)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 22nd day of June, 2022.

            Ravi Subramanian
            Clerk

            s/Gail Glass
            Deputy Clerk

---

[1] On May 5, 2022, Boeing announced that it is moving its corporate headquarters to Arlington, Virginia. Vogelsperger Decl. at ¶ 18.

MINUTE ORDER - 2