1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA DEL ROSSARIO JARAMILLO
BALLESTEROS, as Personal Representative of
the ESTATE OF JAIME CARRILLO
MONTENEGRO, a Florida estate, and as
Guardian of M.F.C.J., a minor; and RAQUEL
JAVELA ROJAS as Personal Representative of
the ESTATE OF JAIME EDUARDO HERRERA
ROMERO, and Guardian of J.M.H.J., a minor,

Plaintiffs,

v.

THE BOEING COMPANY, a Delaware
Corporation,

Defendant.

No. 22-cv-00393-TSZ

DECLARATION OF CHRISTOPHER
LEDFORD IN SUPPORT OF
BOEING'S MOTION TO DISMISS

DECLARATION OF CHRISTOPHER
LEDFORD IN SUPPORT OF BOEING'S
MOTION TO DISMISS– 1

## DECLARATION OF CHRISTOPHER LEDFORD

I, Christopher Ledford, declare as follows:

1.   I am an attorney with the law firm of Perkins Coie LLP and one of the attorneys representing The Boeing Company ("Boeing") in this case. I submit this declaration in support of Boeing's motion to dismiss on the ground of *forum non conveniens*. This declaration is based on my personal knowledge, and I am prepared to testify regarding the facts set forth herein if required.

2.   Boeing has given me, as its counsel, permission to represent to this Court that Boeing is willing to submit, as a condition to a *forum non conveniens* dismissal of this action, to personal jurisdiction in Colombia in an action refiled there by Plaintiffs within 120 days after dismissal by this Court. Boeing will also agree, as a condition to a *forum non conveniens* dismissal of this action, to make available in any action refiled by Plaintiffs in the courts of Colombia any documents, witnesses, and other evidence that the Colombian courts deem relevant, and to pay or cause to be paid on Boeing's behalf any damages awarded by the Colombian courts in such refiled actions, subject to any right of appeal.

3.   A true and correct copy of the Accident Report published by the Grupo de Investigación de Accidentes Aéreos Colombia ("GRIAA") regarding investigation into the accident on March 9, 2019 near San Martín, Colombia and a certified English translation of the report is attached as Exhibit A.

4.   I have researched the background history and reviewed publicly available documents regarding the Douglas DC-3 airplane involved in this lawsuit, serial number 99826, United States registration number N87611, and Colombian registration number HK2494.

5.   According to the Federal Aviation Administration's ("FAA") public aircraft registry, the airplane was certified and registered with the FAA in August 1980. The same registry shows

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

that the airplane was deregistered and exported to Colombia in October 1980. A true and correct copy of the relevant FAA registry page is attached as Exhibit B. I obtained this record from the FAA's public website at the following address: https://registry.faa.gov/aircraftinquiry/Search/NNumberInquiry after inputting the airplane's N-Number ("N87611").

6.    Another public registry lists the registration history for the airplane. That history shows that the airplane was registered with SAEP-Servicious Aereos de Exploration de Petrolos from 1980 to 1999, with SADELCA-Sociedad Aerea Del Caqueta from 1999 to 2015, and with LASER-Latino Americana de Servicious Aereo from 2015 until the accident. A true and correct copy of that registry page is attached as Exhibit C.

7.    After submission of a Freedom of Information Act request to the United States Air Force, I obtained a copy of the airplane's individual aircraft record card. That record card shows that the airplane, originally manufactured as a Douglas C-47, specifically, a model TC-47B-DK, was built in Oklahoma City, Oklahoma by Douglas Aircraft Company. A true and correct copy of the airplane's individual aircraft record card is attached as Exhibit D.

8.    On August 5, 2022, as part of their initial disclosures, Plaintiffs produced certain documents to Boeing. Included in those documents were portions of the airplane's engines' logbooks detailing inspections, tests, repairs, and alterations done to the airplane's engines. These records are primarily in Spanish but appear to indicate that, for at least the decade leading up to the accident, all the maintenance of the airplane's engines was performed in Colombia except for an overhaul of the left engine that was performed by "Poole Industries, Inc." in Florida in 2009. A true and correct copy of these records are attached as Exhibit E. The record of the 2009 engine repair can be found at GENERAL000096.

DECLARATION OF CHRISTOPHER
LEDFORD IN SUPPORT OF BOEING'S
MOTION TO DISMISS– 3

9.   On September 9, 2022, I served Boeing's First Set of Requests for Admission and First Set of Interrogatories on Plaintiffs. True and correct copies of Plaintiffs' Responses and Amended Responses are attached as Exhibits F, G, H, and I.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States.

Signed on this 16 day of February 2023, at Seattle, Washington.

By:  *s/ Christopher Ledford*

Christopher Ledford

DECLARATION OF CHRISTOPHER
LEDFORD IN SUPPORT OF BOEING'S
MOTION TO DISMISS– 4