HONORABLE THOMAS S. ZILLY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MARIA DEL ROSARIO JARAMILLO BALLESTEROS, as Personal Representative of the ESTATE OF JAIME CARRILLO MONTENEGRO; MARIA DEL ROSARIO JARAMILLO BALLESTEROS, an individual; M.J., an individual and minor; RAQUEL JAVELA ROJAS, as Personal Representative of the ESTATE OF JAIME EDUARDO HERRERA ROMERO; RAQUEL JAVELA ROJAS, an individual, et al<br><br>Plaintiffs,<br><br>vs.<br><br>THE BOEING COMPANY, a Delaware Corporation,<br><br>Defendant. | CASE NO.: 2:22-cv-393 TSZ<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT BOEING'S MOTION TO DISMISS ON THE GROUNDS OF FORUM NON CONVENIENS<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTED FOR CONSIDERATION: MARCH 10, 2023 |

OPPOSITION TO BOEING'S FNC MOTION - 1

STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave. W, Suite 300
Seattle, WA 98119
(206) 448-1777

**INTRODUCTION**

Boeing spends approximately 22 pages trying to convince this court that it would be more convenient to litigate this product liability action in Colombia instead of the United States. Nevermind that the public and private factors generally sway in keeping the case in the defendant's home country, when the defendant is a manufacturer defendant in a product liability action, as the case centers on events that occurred well before the crash at hand. Important, complex and material documents necessary for plaintiffs' product liability claims include engineering drawings, critical testing data and reports, Failure Modes and Effects Analysis, and other documents related to the design and manufacture of the subject engine and its component parts. To have these critical documents translated into Spanish will be almost impossible as technical translations lose specificity and detail, ie, important things get lost in translation.

On the other hand, plaintiffs will stipulate to the factual findings of the Colombian investigators so jurisdiction over them is not necessary. Damages documents are not that extensive, as decedents were long time employees of airlines, and plaintiffs will translate any material damages documents from Spanish to English. There are not many witnesses of the crash, if any, in Colombia, whereas, almost all of the product liability witnesses are in the United States, and will testify in English.

But beyond those nearly impossible tasks, Boeing fails to mention that Plaintiffs will not be allowed to pursue their product liability claim in Colombia whatsoever, as the Grupo de Investigacion de Accidentes Aereos Colombia ("GRIAA") Report and its probable cause findings cannot be challenged in Colombian civil courts. They are given full evidentiary value and relied on exclusively by the courts as the expert opinion. In the instant matter, the GRIAA Report found that the cause of the crash was due to actions or inactions of the airline during its operation and maintenance of the plane. There is no mention of a product liability design defect, nor could a claim be made in Colombia concerning this crash. With respect to this case, there is no adequate, alternative or appropriate forum in Colombia to resolve product liability claims brought by the Plaintiffs in Colombia. It simply is not possible. The case must stay in the United

States.

## PLAINTIFFS WILL NOT BE ABLE TO PURSUE THEIR PRODUCT LIABILITY CLAIM IN COLOMBIA

Plaintiffs will not be able to pursue a product liability case in Colombia because the Grupo de Investigacion de Accidentes Aereos Colombia ("GRIAA") has already issued its final report, finding that the cause of the crash was due to actions or inactions of the airline during its operation and maintenance of the plane. Piquero DECL ¶5.

The report produced by the GRIAA corresponds to the exercise of the powers enshrined in the aviation regulation of Colombia (RAC), with respect to the investigation of aircraft accidents. The GRIAA's reports play an authoritative role in civil litigation because the findings of the GRIAA Report cannot be challenged in a Colombian court, as the Report is the sole source of expert evidence the court in Colombia will consider. Piquero DECL ¶6.

There have only been a few cases seeking civil liability for aviation accidents that have occurred in this country. In all such cases where there has been a report of the GRIAA, related to the causes of a plane crash, judges have given full evidentiary value and proof to the GRIAA Report, unless the GRIAA and its wrongdoing was involved in the accident, which is not the case here. Piquero DECL ¶7.

In summary, there is no remedy available at all for these plaintiffs in this particular case if adjudicated in Colombia. Colombia is not a forum that will entertain plaintiffs' product liability claims. In practice, there cannot be an adequate, alternative or appropriate forum in Colombia to resolve product liability claims brought by the Plaintiffs in Colombian courts where there exists a GRIAA Report that identifies and attributes the causes of the crash to non-manufacturing parties, i.e., the airline and its maintenance and crew, in this matter. Piquero DECL ¶8.

Where there is no alternative forum available to hear the claims (product liability in this case), nor a "potential avenue for redress," the forum non conveniens motion must be denied. *Ceramic Corp. or Am. v. Inka Mar, Corp. Inc.*, 1 F.3d 947, 948-949. This is one of the "rare circumstances" where the remedy provided is "so clearly unsatisfactory that it is no remedy at

OPPOSITION TO BOEING'S FNC MOTION - 3      STRITMATTER KESSLER KOEHLER MOORE
3600 15th Ave. W, Suite 300
Seattle, WA 98119
(206) 448-1777

all." *Lockman Found v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir 1991)(quoting *Piper Aircraft* 454 US at 254)

  Boeing's remaining arguments are moot, but it goes without saying that the United States courts have a superior interest in hearing a case involving its resident manufacturer over courts in Colombia. Virtually all liability documents and witnesses are in the United States. Damages documents and witnesses are very limited. The FNC motion should be denied.

DATED this 8th day of March, 2023.

**STRITMATTER KESSLER KOEHLER MOORE**

By: s/Daniel R. Laurence
  Daniel R. Laurence WSBA No. 19697

3600 15th Ave. W., Ste. 300
Seattle, WA 98119
Tel. (206) 448-1777
dan@stritmatter.com

**KENNEDY WILSHIRE PC**

By: s/Ilyas Akbari
Ilyas Akbari, CA Bar No. 228051

6245 Wilshire Blvd., Suite 1506
Los Angeles, CA 90048
Tel. (310) 384-2834
ilyas@kennedywilshire.com

Attorneys for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

On [MONTH, DAY], 2022, I caused to be served upon the below named counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

| Christopher Ledford<br>Erik Kundu<br>Perkins Coie, LLP<br>1201 3rd Avenue, Suite 4900<br>Seattle, WA 98101<br>Phone: 206-359-8000<br>Fax: 206-359-9000<br><br>Alletta Brenner<br>Perkins Coie, LLP<br>1120 NW Couch Street, 10th Floor<br>Portland, OR 9709<br>Phone: 503-727-200<br>Fax: 503-727-2222 | ☐ U.S. Mail<br>☐ Fax<br>☐ Legal messenger<br>☒ Electronic Delivery (per electronic service agreement and/or via efiling)<br><br>cledford@perkinscoie.com<br>ekundu@perkinscoie.com<br>jpeterson@perkinscoie.com<br>jstarr@perkinscoie.com<br>abrenner@perkinscoie.com |
|---|---|

Dated this 22 day of June, 2022.

By: <u>s/ Daniel R. Laurence</u>
Daniel R. Laurence WSBA No. 19697

3600 15th Ave. W., Ste. 300
Seattle, WA 98119
Tel. (206) 448-1777
dan@stritmatter.com