THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIA DEL ROSSARIO JARAMILLO BALLESTEROS, as Personal Representative of the ESTATE OF JAIME CARRILLO MONTENEGRO, a Florida estate, and as Guardian of M.F.C.J., a minor; and RAQUEL JAVELA ROJAS as Personal Representative of the ESTATE OF JAIME EDUARDO HERRERA ROMERO, and Guardian of J.M.H.J., a minor, <br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY, a Delaware Corporation,<br><br>Defendant. | No. 22-cv-00393-TSZ <br><br> BOEING'S REPLY IN SUPPORT OF MOTION TO DISMISS ON THE GROUNDS OF FORUM NON CONVENIENS <br><br> ORAL ARGUMENT REQUESTED <br><br> NOTED FOR CONSIDERATION: MARCH 14, 2023 |

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(NO. 22-cv-00393-TSZ) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# INTRODUCTION

Plaintiffs' response, filed two days late without explanation, does not dispute that Colombia law recognizes the causes of action they have brought here; that Plaintiffs have the ability to bring those claims in Colombia; and that Colombian courts would have jurisdiction over Boeing. Nor do Plaintiffs even attempt to address the fact that litigating their claims in the United States without the owner or operator of the airplane will unfairly prejudice Boeing. Plaintiffs also ignore the relevant evidence in the possession of third parties that is beyond the reach of this Court's jurisdiction and fail to address Colombia's overriding interest in this dispute. Finally, they do not contest that if their claims were to remain in this Court, Colombian law would govern. Plaintiffs have conceded those points, which are not in dispute.

Instead, Plaintiffs argue that a Colombian court would find that the evidence from the official accident investigation report conclusively disproves their claims against Boeing, and that Colombia is therefore not an "available" and "adequate" alternative forum. That is a misstatement of Colombian law; the Colombian Supreme Court has specifically addressed this issue and determined that the findings of investigators are not dispositive and should be evaluated just like other evidence. The *forum non conveniens* analysis of availability and adequacy, moreover, looks to whether Plaintiffs' claims *could* be brought in the alternative forum, "not predictions of the likelihood of a win on the merits." *Lewis v. Liberty Mut. Ins. Co.*, 953 F.3d 1160, 1168 (9th Cir. 2020) (quotation marks omitted). There is no dispute that Plaintiffs could bring their product liability and negligence claims in Colombia, where almost all of the relevant and important evidence is located. And while Boeing agrees that the accident report—along with other evidence—shows that Plaintiffs' claims are meritless, Plaintiffs are wrong in suggesting that a Colombian court would accept the results of the accident investigation without weighing all of the evidence before it. Plaintiffs will have a full opportunity to "air the merits of their claim" in Colombia, *id.* at 1169, and that is where their claims should proceed.

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(NO. 22-cv-00393-TSZ)–1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiffs make other cursory arguments in their two-and-a-half-page opposition but fail to articulate a single connection between their claims and Washington. Litigating Plaintiffs' claims here would be both inconvenient and fundamentally unfair. The Court should reject Plaintiffs' blatant attempt to forum shop and grant Boeing's Motion to Dismiss on the Grounds of *Forum Non Conveniens*.

## ARGUMENT

**I.  Colombia is an adequate, available forum because its courts have jurisdiction and Colombian law offers "some remedy" for the harm Plaintiffs allege.**

The "easy to pass" test for whether an alternative forum is available and adequate turns on whether (1) the parties are amenable to process in that forum, and (2) there is "some remedy" available. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006); *Loya v. Starwood Hotels & Resorts, Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009). There is no dispute that Colombian courts will have jurisdiction over this dispute and over Boeing. Plaintiffs instead argue that they have no remedy in Colombia because the Colombian accident investigation report (issued by the Colombian GRIAA) "found that the cause of the crash was due to actions or inactions of the airline during its operation and maintenance of the plane," and that report's findings supposedly will be "given full evidentiary value and relied on exclusively by the courts as the expert opinion." Dkt. 37 at 2. Plaintiffs misstate the evidentiary effect of the accident report under Colombian law, and they are wrong about what constitutes "some remedy."

To begin, Plaintiffs' argument fails for the simple reason that their description of Colombian law is wrong: Colombian courts are neither bound by the conclusions of a GRIAA accident report nor limited to considering only that evidence in cases involving aviation accidents. To the contrary, the Supreme Court of Justice of Colombia – Civil Chamber recently held that accident reports issued by the GRIAA may be evaluated and challenged like any other evidence:

> [I]t is impossible, without the pertinent caution and the necessary judgment, to take as certain and definitive the conclusions reached by the aviation authority in the final report on the investigation conducted of the aircraft incident, or to make direct use of

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

declarations or documents that were used in the development of this investigation, which is an administrative and not a judicial process.

*See* Supplemental Declaration of Arturo Solarte Rodríguez ("Solarte Supp. Decl."), ¶ 5 (citing Supreme Court of Justice, Civil Cassation Chamber, Judgment SC4103-2021 (Sept. 16, 2021)).

As support for his opinion that the conclusions set out in the GRIAA's final reports are not determinative in Colombia, Boeing's expert Mr. Solarte cites to both the Supreme Court's decision and a number of similar decisions from other Colombian courts. *Id.*, ¶ 6 & Annex 1 thereto ¶¶ 2–5. This uniformity in Colombian law is unsurprising given that the purpose and function of a GRIAA report is not to determine legal fault or responsibility, but to help prevent future accidents and make operational safety recommendations. Solarte Supp. Decl., ¶ 3. As established by the Colombian Supreme Court, a determination by the GRIAA is not an administrative or judicial decision, and it has no *res judicata* or other preclusive effect that would prevent a Colombian court from considering negligence or product liability claims brought by Plaintiffs against Boeing in that forum. *Id.*

Plaintiffs' argument to the contrary is based on a two-page declaration from a Colombian lawyer who has no apparent background or expertise in tort law. *See* Declaration of Felipe Piquero ("Piquero Decl."), ¶¶ 2–3 and Ex. A. This purported "expert" asserts that Plaintiffs "will not be able to pursue a product liability case in Colombia," but offers no legal authority or sources to support that contention. *Id.*, ¶¶ 5–7. Nor does he cite a single rule, case, or other source to back up his sweeping statements that "the findings of the GRIAA Report cannot be challenged in a Colombian court" and are "the sole source of expert evidence the court in Colombia will consider," and that in all plane crash cases where there has been a report of the GRIAA, "judges have given full evidentiary value and proof to the GRIAA Report, unless the GRIAA and its wrongdoing was involved in the accident[.]" *Id.*, ¶¶ 6–7. Plaintiffs' submission of a declaration from an unqualified expert who offers unsupported opinion contrary to Colombian law as established by its Supreme

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Court, and contrary to the opinion of Mr. Solarte, a former Justice of the Colombian Supreme Court, cannot be the basis for finding that Colombia is an inadequate forum.

Even if Plaintiffs were right about Colombian law, their argument would still fail because it rests on a fundamental misunderstanding of the nature of the "remedy" that needs to be available in the alternative forum. An alternative forum offers "some remedy" if it is possible to bring a cause of action there for the alleged wrong, regardless of whether Plaintiffs are likely to succeed in meeting their evidentiary burden to prevail on that cause of action. In *Lewis v. Liberty Mutual Insurance Company,* the Ninth Circuit upheld the district court's dismissal of the action based on *forum non conveniens*, holding that none of the difficulties the plaintiffs would face in an action re-filed in Australia would "impair the [plaintiffs'] ability to air the merits of their claim." 953 F.3d at 1169. Because "[i]t is the *availability* of a remedy that matters, not predictions of the likelihood of a win on the merits," the court affirmed the dismissal. *Id.* at 1168 (quoting *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1092 (9th Cir. 2018)). Similarly, Plaintiffs here could file an action in Colombia against Boeing, and that court would address "the merits of their claim." Plaintiffs do not argue that they are barred from filing a claim or that the Colombian courts would decline to hear that claim—only that they are unlikely to prevail on the merits. A *remedy* is therefore still available.

The availability of a negligence claim in Colombia is further proof that Colombia offers "some remedy." Plaintiffs argue only that they will not be able to pursue "product liability" claims in Colombia. *See, e.g.*, Dkt. 37 at 2; *see also* Piquero Decl., ¶¶ 5, 8. They do not, however, address their separate negligence claims, *see* Dkt. 1-2, Compl. ¶¶ 44–49, which can be pursued under Colombian law, Declaration of Arturo Solarte Rodríguez ("Solarte Decl."), ¶¶ 43–52 (describing claims available to Plaintiffs under Colombian law). Even if Plaintiffs were correct that they cannot bring claims for strict product liability against Boeing in Colombia, there is nothing to suggest that they cannot instead bring negligence claims and seek damages on that basis. The availability of these other forms of relief in Colombia is dispositive. *See, e.g.*, *In re Air Crash Over Taiwan Straits*

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*on May 25, 2002*, 331 F. Supp. 2d 1176, 1185 (C.D. Cal. 2004) (holding that a plaintiff's inability to bring product liability claims does not make a foreign forum inadequate when other claims are available).

Finally, even if Plaintiffs could not pursue a claim against Boeing in Colombia, "some remedy" can include potential recovery from a party other than the defendant seeking dismissal based on *forum non conveniens*. In *Lueck v. Sundstrand Corp.*, for example, the court held that potential relief from New Zealand's government-run "Accident Compensation System" was a sufficient remedy for New Zealand to be deemed an available and adequate forum, even though "New Zealand law does not permit Plaintiffs to maintain this exact suit" against Sundstrand and other defendants. 236 F.3d 1137, 1144–45 (9th Cir. 2001); *see also Imamura v. Gen. Elec. Co.*, 371 F. Supp. 3d 1, 8–9 (D. Mass. 2019) (rejecting argument that the "foreign forum must permit a remedy against the specific defendant sued in the American litigation" when the foreign "forum provide[d] an adequate remedy from another party or entity"), *aff'd*, 957 F.3d 98 (1st Cir. 2020). Here, even if Plaintiffs could not pursue claims in Colombia against Boeing (they can), LASER is also available to be sued in Colombia, Solarte Decl., ¶ 69, and Plaintiffs do not argue that anything prevents them from obtaining a remedy from LASER there. Multiple suits have already been filed in Colombia against LASER by representatives of other occupants of the airplane, with those representatives receiving compensation. *See* Dkt. 31 at 7. Indeed, if Plaintiffs are correct that the accident report will be deemed conclusive evidence that the airline—and not Boeing—was at fault for the accident, Dkt. 37 at 3, then Plaintiffs are *guaranteed* a recovery from LASER in Colombia. By Plaintiffs' own terms, a remedy is available to them in the alternative forum.

Plaintiffs cite *Lockman Found. v. Evangelical Alliance Mission* for the proposition that this case presents one the "rare circumstances" where the law of the alternative forum is so unfavorable that it offers no remedy at all. Dkt. 37 at 3–4. But in *Lockman*, the Ninth Circuit rejected the argument that dismissal was improper simply because the courts in the alternative forum (Japan) were less advantageous and the damages available less generous. 930 F.2d 764, 768–69 (9th Cir.

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*on May 25, 2002*, 331 F. Supp. 2d 1176, 1185 (C.D. Cal. 2004) (holding that a plaintiff's inability to bring product liability claims does not make a foreign forum inadequate when other claims are available).

Finally, even if Plaintiffs could not pursue a claim against Boeing in Colombia, "some remedy" can include potential recovery from a party other than the defendant seeking dismissal based on *forum non conveniens*. In *Lueck v. Sundstrand Corp.*, for example, the court held that potential relief from New Zealand's government-run "Accident Compensation System" was a sufficient remedy for New Zealand to be deemed an available and adequate forum, even though "New Zealand law does not permit Plaintiffs to maintain this exact suit" against Sundstrand and other defendants. 236 F.3d 1137, 1144–45 (9th Cir. 2001); *see also Imamura v. Gen. Elec. Co.*, 371 F. Supp. 3d 1, 8–9 (D. Mass. 2019) (rejecting argument that the "foreign forum must permit a remedy against the specific defendant sued in the American litigation" when the foreign "forum provide[d] an adequate remedy from another party or entity"), *aff'd*, 957 F.3d 98 (1st Cir. 2020). Here, even if Plaintiffs could not pursue claims in Colombia against Boeing (they can), LASER is also available to be sued in Colombia, Solarte Decl., ¶ 69, and Plaintiffs do not argue that anything prevents them from obtaining a remedy from LASER there. Multiple suits have already been filed in Colombia against LASER by representatives of other occupants of the airplane, with those representatives receiving compensation. *See* Dkt. 31 at 7. Indeed, if Plaintiffs are correct that the accident report will be deemed conclusive evidence that the airline—and not Boeing—was at fault for the accident, Dkt. 37 at 3, then Plaintiffs are *guaranteed* a recovery from LASER in Colombia. By Plaintiffs' own terms, a remedy is available to them in the alternative forum.

Plaintiffs cite *Lockman Found. v. Evangelical Alliance Mission* for the proposition that this case presents one the "rare circumstances" where the law of the alternative forum is so unfavorable that it offers no remedy at all. Dkt. 37 at 3–4. But in *Lockman*, the Ninth Circuit rejected the argument that dismissal was improper simply because the courts in the alternative forum (Japan) were less advantageous and the damages available less generous. 930 F.2d 764, 768–69 (9th Cir.

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1991) (internal quotation marks and citation omitted). Citing *Piper Aircraft*, the court noted that a remedy is only truly lacking where "the alternative forum does not permit litigation of the subject matter of the dispute." *Id.* at 768 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)). Because the plaintiffs had the ability to bring at least some claims in Japan for the type of harms alleged, the court held that Japan provided an adequate alternative forum and that the district court did not err in dismissing the action. *Id.* at 768–69. The same is true here. Plaintiffs do not dispute that they can file and pursue a lawsuit against Boeing, including a negligence claim, which on its own is sufficient to dispose of this issue. Their argument that Colombian law prevents them from prevailing in such a lawsuit is contradicted by a wealth of Colombian precedent. And even accepting Plaintiffs' argument, it ignores the possibility of "some remedy" in Colombia against the airline LASER. An alternative forum is available and adequate if it provides "*potential* redress for the injury alleged," *Tuazon*, 433 F.3d at 1178 (emphasis added), and that is exactly what Plaintiffs have here.

## II. Plaintiffs' cursory arguments about the private and public interest factors have no merit.

Plaintiffs argue "that the public and private factors generally sway in keeping the case in the defendant's home country, when the defendant is a manufacturer defendant in a product liability action." Dkt. 37 at 2. But the Supreme Court rejected that exact argument in *Piper Aircraft Co. v. Reyno*, holding that even though "records concerning the design, manufacture, and testing of the propeller and plane [were] located in the United States" and therefore would be more accessible here, the private interest factors still weighed in favor of dismissal because of the other evidence that would not be available, including, as in this case, "many crucial witnesses [who] are located beyond the reach of compulsory process" of a U.S. court. 454 U.S. at 258–61. Further weighing in favor of dismissal was the fact that the defendants would have been unable to implead potential third-party defendants who, like LASER, were not subject to the district court's jurisdiction. *Id.*; *see also Nai-Chao v. Boeing Co.*, 555 F. Supp. 9, 18–19 (N.D. Cal. 1982), *aff'd*

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*sub nom. Cheng v. Boeing Co.*, 708 F.2d 1406 (9th Cir. 1983). For the exact same reasons, dismissal is appropriate here.

Boeing has already agreed to make available any evidence and witnesses in its possession, custody, or control that the Colombian court deems relevant. Declaration of Christopher Ledford ("Ledford Decl."), ¶ 2. And Plaintiffs ignore the fact that nearly all of the important, relevant evidence is in Colombia. This case arises from the crash of a Colombian flight being flown by a Colombian crew over Colombian soil. *Id.*, Ex. A, GRIAA Final Accident Report COL-19-10-GIA (2019) ¶ 1.1. The airplane was exported to Colombia in 1980 and has been owned and operated by Colombian airlines ever since. *Id.*, ¶ 5 & Ex. C. Except for a single engine repair a decade before the crash, the subject airplane was also apparently maintained in Colombia for the last forty years. *Id.*, ¶ 8. The most relevant evidence of "events leading up to the crash"—including evidence regarding the maintenance and operation of the aircraft, the conditions under which it was flying at the time of the crash, and the flight crew's training and work history—comes not from the United States, but from Colombian sources. *See* Dkt. 31 at 11–12. Relevant evidence of the airplane's original design and manufacturing, to the extent it still exists, can be readily made available by Boeing (and, contrary to Plaintiffs' sweeping and unsupported statements, be accurately translated into Spanish). The same cannot be said for the myriad evidence in Colombia, which is largely in the possession of third parties beyond the scope of this Court's jurisdiction.

Plaintiffs cannot handwave away the extent to which evidence located in Colombia will be unavailable to a United States court. Plaintiffs' assertion that documents related to their damages are not extensive, and that they will mitigate the burden of translating damages documents from Spanish to English by handing those translations themselves, Dkt. 37 at 2, is hardly believable given that Plaintiffs have previously been unable to provide any information on the nature or scope of such evidence, *see* Ledford Decl., Exs. F & H, most of which appears to be within the custody and control of third parties. Further, Plaintiffs do not address the problems regarding the Court's inability to compel damages witnesses to attend trial in Washington or the expenses and hardships

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–7

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

related to translation of their testimony. *See* Dkt. 31 at 14–15, 17. Even if there are some witnesses within the jurisdiction of this Court who can testify about the design of DC-3 aircraft, that is far outweighed by the many other witnesses located in Colombia beyond the reach of this Court's compulsory process—for example, airline personnel with first-hand knowledge of the maintenance and engineering of the subject airplane and of LASER's training and operations activities, and individuals from the Colombian authorities who responded to and investigated the crash. *See id.* at 11–12. The fact that those witnesses cannot be compelled to appear in legal proceedings in the United States weighs heavily in favor of dismissal. *Piper Aircraft*, 454 U.S. at 258–59.

Nor can Plaintiffs avoid dismissal by emphasizing that "almost all of the product liability witnesses are in the United States, and will testify in English." Dkt. 37 at 2. This argument ignores the fact that the airplane in question is more than seventy-five years old, and few individuals with first-hand knowledge of its design and development in the 1930s and early 1940s are likely to be available. Even if there are some "product liability witnesses" in the United States, Plaintiffs failed to identify a single witness in Washington, and "[t]he fact that some [witnesses] may be located elsewhere in the United States does not make the [Western District of Washington] a convenient forum." *Torreblanca de Aguilar v. Boeing Co.*, 806 F. Supp. 139, 144 (E.D. Tex. 1992), *aff'd*, 11 F.3d 55 (5th Cir. 1993); *see also Da Rocha v. Bell Helicopter Textron, Inc.*, 451 F. Supp. 2d 1318, 1323 (S.D. Fla. 2006).

Finally, contrary to Plaintiffs' assertion, it does not "go without saying" that United States courts have a superior interest in hearing a case involving its resident manufacturer over courts in Colombia. Dkt. 37 at 4. The Supreme Court has specifically rejected that argument, explaining that "[t]he American interest in [a non-U.S.] accident is simply not sufficient to justify the enormous commitment of judicial time and resources that would inevitably be required if the case were to be tried here." *Piper Aircraft*, 454 U.S. at 261. There is little local interest in the lawsuit, which concerns an airplane that was designed and manufactured during World War II by a different

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

company in another state, and the citizens of Washington "should not be forced to bear the burden of this dispute." *See Lueck*, 236 F.3d at 1147.

On the other hand, it is well-settled that there is "local interest in having localized controversies decided at home" where they arise. *Piper Aircraft*, 454 U.S. at 260. The Supreme Court explained in *Piper Aircraft*, for example, that because the accident had occurred in Scotland, "Scotland has a very strong interest in this litigation." 454 U.S. at 260; *see also Fortaner v. Boeing Co.*, 504 F. App'x 573, 581 (9th Cir. 2013) ("The district court did not abuse its discretion, however, in giving greater weight to Spain's interest as the locale of the crash site and home of the majority of the decedents." (citation omitted)). Colombia has a strong and overriding interest in the much more recent events that occurred within its borders and in providing legal remedies to its own citizens. Solarte Decl., ¶ 125 (stating "it would be a matter of public interest in Colombia to pursue and conclude the legal proceedings against The Boeing Company, because the air accident occurred in Colombian territory, the victims of the accident were Colombians, and the air safety and liability involved are issues of interest to the Colombian authorities and judicial system.").

## CONCLUSION

For all the foregoing reasons and the reasons explained in Boeing's Motion, Plaintiffs' claims should be dismissed on the grounds of *forum non conveniens*.

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–9

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

| | |
|---|---|
| Dated: March 14, 2023 | By: s/ *Christopher Ledford*<br>Christopher Ledford, WSBA No. 44515<br>Erik B. Kundu, WSBA No. 56746<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>Email: cledford@perkinscoie.com<br>Email: ekundu@perkinscoie.com<br><br>Alletta Brenner, WSBA 59772<br>**Perkins Coie LLP**<br>1120 NW Couch Street, 10th Floor<br>Portland, Oregon 97209-4128<br>Telephone: 503.727.2000<br>Facsimile: 503.727.2222<br>Email: abrenner@perkinscoie.com<br><br>*Attorneys for Defendant The Boeing Company* |

BOEING'S REPLY IN SUPPORT OF MOTION
TO DISMISS FOR FORUM NON CONVENIENS
(No. 22-cv-00393-TSZ)–10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000